**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD BENNETT,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-11-2286** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **JERRY WALSH, *et al.*,** | : | |
| | : | |
| **Respondents** | : | |

**M E M O R A N D U M**

## I.    Introduction

Petitioner, Edward Bennett, a state prisoner proceeding *pro se* and *in forma pauperis* in this matter initiated this action not by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254 but rather by first filing a motion to stay.  (Doc. 1, Mot. to Stay.)  The court then directed Mr. Bennett to file a habeas petition.  (Doc. 4, Order.)  On January 23, 2012, Mr. Bennett filed his petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 challenging his 1999 convictions in the Court of Common Pleas of Luzerne County, Pennsylvania.  (Doc. 8, Pet.)  For the reasons set forth below, the petition will be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1) and his motion to stay will be denied.

## II.    Facts and Procedural History

On September 27, 1999, Mr. Bennett was convicted of various drug trafficking offenses in the Court of Common Pleas of Luzerne County, Pennsylvania,

and was sentenced to 10 to 20 years' imprisonment.  (Doc. 12-1, *Commonwealth v. Bennett*, CP-40-CR-0002828-1998 (Ct. Com. Pl. Luzerne)(docket sheet).)

Mr. Bennett's filed a timely direct appeal to the Superior Court of Pennsylvania which remanded the matter back to the trial court so that counsel could be appointed to represent Mr. Bennett on appeal.  *See Commonwealth v. Bennett*, No. 1608 MDA 2000 (Pa. Super. Sept. 7, 2001)(unpublished).  However, following entry of the remand, but prior to the trial court addressing the matter, Mr. Bennett advised the Superior Court "that he 'would prefer to stay *pro se*' and specifically asked the Superior Court 'to rescind its order in its entirety.'"  (Doc. 12, Respt's Resp., ECF p. 4 *citing Commonwealth v. Bennett*, No. 1608 MDA 2000 (Pa. Super. Feb. 14, 2002).)  As a result the Superior Court withdrew its remand order and considered the issues raised in Mr. Bennett's *pro se* direct appeal.  On February 14, 2002, the Superior Court affirmed the judgement of sentence but again remanded the case to the trial court for the development of Mr. Bennett's ineffective assistance of counsel claims.  (*Id.*)  The Pennsylvania Supreme Court denied Mr. Bennett's *Nunc Pro Tunc* Petition for allowance of appeal on March 5, 2003.  *See Commonwealth v. Bennett*, No. 249 MM 2002 (Pa. Mar. 6, 2003)(unpublished).[1]

On October 23, 2002, while Mr. Bennett's Petition for Allowance of Appeal was still pending, the trial court appointed counsel for Mr. Bennett and held an evidentiary hearing to develop his claims of ineffectiveness assistance of counsel in

---

[1]  The court takes judicial notice of the docket sheets in this, and Mr. Bennett's other relevant state court dockets which are available via the Pennsylvania's Judiciary's Web Application Portal, https://ujsportal.pacourts.us.

accordance with the Superior Court's order.  On September 23, 2003, the trial court dismissed all of Mr. Bennett's remaining claims.  The Superior Court affirmed the trial court's decision addressing Mr. Bennett's ineffectiveness of counsel claims on October 6, 2004.  *See Commonwealth v. Bennett*, 864 A.2d 575 (Pa. Super. Oct. 6, 2004)(Table, No. 1572 MDA 2003), reargument denied (Dec. 17, 2004).  Mr. Bennett's Petition for Allowance of Appeal to the Pennsylvania Supreme Court was denied on June 3, 2005.  *See Commonwealth v. Bennett*, 583 Pa. 658, 875 A.3d 1072 (Pa. 2005)(Table, 47 MAL 2005).  Mr. Bennett did not file a petition for writ of *certiorari* with the United States Supreme Court.

On August 29, 2005, Mr. Bennett filed his first petition for collateral relief under the Pennsylvania Post Conviction Relief Act (PCRA).  42 PA. CON. STAT. ANN. §§ 9541-9546.  After being appointed counsel, Mr. Bennett elected to proceed on his *pro se* petition without amendment.  The trial court dismissed the petition without a hearing on February 22, 2006.  The Superior Court denied Mr. Bennett's appeal.  *See Commonwealth v. Bennett*, No. 549 MDA 2006 (Pa. Super. June 6, 2007).  Mr. Bennett's Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on May 28, 2008.  *See Commonwealth v. Bennett*, No. 1026 MAL 2007 (Pa. May 28, 2008).

On December 3, 2008, Mr. Bennett filed a second PCRA petition.  It was denied as untimely by the trial court on March 18, 2009.  On July 8, 2010, the Superior Court of Pennsylvania affirmed the dismissal of Mr. Bennett's second PCRA petition as untimely.  *See Commonwealth v. Bennett*, 731 MDA 2009 (Pa.

Super.), reargument denied (Sept. 10, 2010).  The Supreme Court of Pennsylvania denied Mr. Bennett's Petition for Leave to File his Petition for Allowance of Appeal *Nunc Pro Tunc*.  *See Commonwealth v. Bennett*, 21 MM 2011 (Pa. Sept. 30, 2011).

During the pendency of his *nunc pro tunc* petition before the Pennsylvania Supreme Court, Mr. Bennett filed a third PCRA petition on July 14, 2011.  The trial court denied the petition as untimely on January 3, 2012.  On September 27, 2012, the Pennsylvania Superior Court quashed his notice of appeal as untimely.  *See Commonwealth v. Bennett*, 1454 MDA 2012 (Pa. 2012).

On December 2, 2011, Mr. Bennett filed a motion to stay in this matter seeking to toll the habeas corpus statute of limitations period "pending the outcome of the" of his third PCRA petition.  (Doc. 1, Mot. to Stay.)  Under the prisoner mailbox rule, Mr. Bennett filed the instant habeas corpus petition on January 23, 2012.  (Doc. 8, Pet.)  In his petition he lists 23 claims he seeks to pursue and promises to elaborate on them further in the Memorandum of law he will file with the court.[2]  However, to date, no such memorandum was ever filed.  (*Id*., ECF pp. 2-3.)  In his habeas petition, in response to the question as to the timeliness of his petition if filed one year after his judgment of conviction, Mr. Bennett simply responds "STILL CONTESTING CONVICTION."  (*Id*., ECF p. 18.)  Mr. Bennett did not file a traverse or reply to the Respondent's allegations in that his habeas petition is untimely filed without excuse.  (Doc. 12, Respt's Resp.)

---

[2]  *"See:* Attached mention of grounds to be raised.  The Pro Se the pro se (sic) Memorandum of law will cover, who, what, when, where, how and why." (*Id*., ECF p. 9.)

**III.     Discussion**

**A.     Law Relevant to the Timeliness of the 2254 Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became

effective on April 24, 1996.  *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

Under the AEDPA, federal habeas corpus petitions are subject to a one-year

limitations period found in 28 U.S.C. § 2244(d), which provides:

> (d)(1) A one-year period of limitations shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of -
>
>> (A)  the date on which the judgment became final by the
>> conclusion of direct review or the expiration for seeking
>> such review;
>>
>> (B) the date on which the impediment to filing an
>> applications created by State action in violation of the
>> Constitution or laws of the United States is removed, if the
>> applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has
>> been newly recognized by the Supreme Court and made
>> retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the
>> exercise of due diligence.
>
> (2) The time during which a properly filed application for State post
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d); *see generally, Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir.

1999).  Thus, under the plain terms of § 2244(d)(1)(A), a federal habeas petition

must to be filed within one year after the state judgment of conviction becomes final

by the conclusion of direct review or the expiration of the time for seeking such review.  *See Jimenez v. Quarterman*, 555 U.S. 113, 118-19, 129 S.Ct. 681, 685, 172 L.Ed.2d 475 (2009)(citing 28 U.S.C. § 2244(d)(1)(A)).  Where a state prisoner does not seek discretionary review in the state's highest court, the judgment of conviction becomes "final" on the date that the time for seeking such review, ninety-days, expires.  *See Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2014)(citing *Gonzalez v. Thaler*, ___ U.S. ___, ___, 132 S.Ct. 641, 656, 181 L.Ed.2d 619 (2012)).  However, the Supreme Court has held that in cases where a state criminal defendant does pursue direct review to the United States Supreme Court, judgment becomes does not become final until the Supreme Court affirms the conviction on the merits or denies the petition for certiorari.  *See Gonzalez*, ___ U.S. at ___, 132 S.Ct. at 653.

Once the federal statute of limitations is triggered and begins to run, the limitations period can be tolled in two ways: statutory tolling and equitable tolling. *See* 28 U.S.C. § 2244(d) (enumerating statutory tolling provisions); *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)(holding AEDPA's time limit is subject to the doctrine of equitable tolling).

Statutory tolling occurs if, prior to the expiration of the AEDPA one-year, a state criminal defendant timely sought collateral review, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation ... ."  28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d

-6-

417, 419 (3d Cir. 2009). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). Further, whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court. *Satterfield v. Johnson*, 434 F.3d 185, 192 (3d Cir. 2005) ("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).

Statutory tolling applies to those periods when an application for discretionary review is pending in an appellate court of the denial of postconviction relief. *See Kindler v. Horn*, 542 F.3d 70, 77 n.5 (3d Cir. 2008) (noting that the petitioner's PCRA petition was pending at least through the date the Pennsylvania Supreme Court denied his petition for review), *rev'd on other grounds, Beard v. Kindler*, 558 U.S. 53, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). It also applies to the time period for seeking state-court appellate review even if such review is not sought. *Jenkins, supra*, 705 F.3d at 85 n.4. However, it does not apply to the time the petitioner has to seek *certiorari* review from the United States Supreme Court, *id*. n.5, or the time period during which such an application is pending. *See Lawrence v. Florida*, 549 U.S.

327, 329, 127 S.Ct. 1079, 1081, 166 L.Ed.2d 924 (2007)(a state application for postconviction relief is not pending under section 2244(d)(2) "when the state courts have entered a final judgment in the matter but a petition for certiorari has been filed" in the Supreme Court).

The AEDPA one-year limitations period may also be subject to equitable tolling.  *See Jenkins,* 705 F.3d at 88-89.  For equitable tolling to apply, the petitioner must show two things: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoted cases omitted).  The determination is made on a case-by-case basis. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).  "In each case, there is a need for 'flexibility,' 'avoiding mechanical rules,' and 'awareness ... that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Holland*, 560 U.S. at 650, 130 S.Ct. at 2563).  Thus, there are "no bright lines in determining whether equitable tolling is warranted in a given case." *Id.*


**B.    Calculation of Mr. Bennett's Limitations Period Indicates his Petition is Time-Barred.**

Here, the Pennsylvania Supreme Court affirmed Mr. Bennett's conviction on direct review on June 3, 2005. *See Commonwealth v. Bennett*, 583 Pa. 658, 875 A.3d 1072 (Pa. 2005)(Table, 47 MAL 2005).  He had ninety days from that date to seek *certiorari* with the United States Supreme Court. *Swartz v. Meyers*, 204 F.3d

417, 419 (3d Cir. 2009); *Kapral v. U.S.*, 166 F.3d 565, 570-571 (3d Cir. 1999); U.S. Sup. Ct. R. 13.1. Mr. Bennett's state court judgment became final at the conclusion of that ninety day period, or on September 1, 2005, at the expiration of his opportunity to file an application for *certiorari* with the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations period commenced to run on September 2, 2005, and absent any tolling, expired one year later, on September 4, 2006. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

Mr. Bennett filed his habeas petition on January 23, 2012.[3] On its face, the federal habeas petition was filed over 5 years, 4 months and nineteen days after the expiration of the AEDPA federal limitations period. The federal petition is untimely and must be dismissed unless Mr. Bennett is entitled to either statutory or equitable tolling.

As only a properly filed state post-conviction petition tolls the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), only the first of Mr. Bennett's three PCRA petitions provides him with any tolling benefit.[4] As his first PCRA petition was filed on August 29, 2005, even prior to the federal statute of limitations period started to run, it tolled the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2)

---

[3] Pursuant to the "mailbox rule," federal courts deem the filing of a document on the date that it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988).

[4] As previously noted, because Mr. Bennett's second and third PCRA petitions were both found to be untimely by the state court, they do not qualify as "properly filed" PCRA petitions under the terms of 28 U.S.C. § 2244(d)(2) and do not provide him any additional statutory tolling benefit. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).

during the entire time his it was pending in state court.  As such, Mr. Bennett's

limitations period did not start to run until May 29, 2008, one day after the

Pennsylvania Supreme denied his petition for allowance of appeal.  *See*

*Commonwealth v. Bennett*, No. 1026 MAL 2007 (Pa. May 28, 2008)(unpublished

opinion); *Lawrence v. Florida*, 549 U.S. 327, 329, 127 S.Ct. 1079, 1081, 166

L.Ed.2d 924 (2007).  Thus, Mr. Bennett had until May 29, 2009, to file a timely

habeas petition barring further statutory or equitable tolling or other exception.

     Mr. Bennett does not argue that he is entitled to any tolling of the AEDPA

statute of limitations other than to note in his habeas petition that he was "still

contesting conviction" as his explanation for not filing his habeas petition within one

year of his judgment of conviction becoming final.  (Doc. 8, ECF p. 18.)  Even after

the Respondent suggested that Mr. Bennett's petition should be dismissed as

untimely, he failed to file any form of response or other document suggesting any

rationale or facts in support of an equitable tolling argument or other exception to

the filing of his untimely petition.  As Respondent points out, it appears that Mr.

Bennett erroneously believed that his serial PCRA petitions, even the ones rejected

by the state courts as untimely, tolled the federal habeas limitations period.  Mr.

Bennett has not argued or otherwise demonstrated that he is entitled to equitable

tolling in this matter by demonstrating that he exercised due diligence to preserve

his right to federal habeas review or that some extraordinary circumstance stood in

his way and prevented him from filing a timely petition.  The fact that he filed a

motion to stay in this matter based on this mistaken belief does not rise to the

"extraordinary circumstances" required for a finding of equitable tolling.

*See Jenkins*, 705 F.3d at 90 n. 16.  Hence, equitable tolling of the AEDPA statute of limitation is not warranted in this case and Mr. Bennett's federal habeas statute of limitations expired on May 29, 2009.  Mr. Bennett's January 23, 2009 habeas petition was filed 2 years, 7 months and 25 days beyond the AEDPA's one-year limitations period.

### C.      Mr. Bennett's Motion to Stay.

Generally, a court will grant a petitioner's request for a stay and abeyance in the limited case where a petitioner has filed a mixed or non-mixed petition within the federal statute's one-year limitations period, to allow the petition to exhaust his claims in state court without the risk of later being timebarred under the AEDPA.[5] *See generally Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005); *Heleva v. Brooks*, 581 F.3d 187, 191-92 (3d Cir. 2009)(applying the *Rhines* stay-and-abey procedure  to "context[s] outside that of a mixed petitions.")  A "stay and abeyance" protects a habeas petitioner who has filed a timely federal habeas petition from missing the federal statute of limitations while he satisfies the exhaustion requirements.  There is no good cause to grant a stay where the action must ultimately be dismissed as untimely.

---

[5]  A stay and abeyance is available when the following three-part test is met: (1) there is "good" cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  *Rhines*, 544 U.S. at 277-78, 125 S.Ct. at 1535.

-11-

Here, because Mr. Bennett's § 2254 petition was not filed within the AEDPA's one-year statute of limitations, it is untimely, and thus the his motion to stay is denied.

## IV.    Conclusion

For the reasons set forth above, the court finds the petition for writ of habeas corpus (Doc. 8) untimely.  In addition, Mr. Bennett fails to meet any exception to the limitations period of § 2244(d)(1).  As a result, the petition will be dismissed as untimely.

Further, pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a petition under 28 U.S.C. § 2254 is entered, the district court must make a determination as to whether a certificate of appealability should issue.  3d Cir. L.A.R. 22.2.  A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  Here, the court denies a certificate of appealability because jurists of reason would not find it debatable that Mr. Bennett's petition must be denied as it is untimely filed.

However, Mr. Bennett is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals. *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

An appropriate Order follows.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: SEPTEMBER 22, 2014**

-13-